CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 8 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES WALTER FRANK III, <br> Petitioner, | ) <br> ) |
| v. | ) Civil Action No. 7:05-cv-00676 <br> ) <br> ) **MEMORANDUM OPINION** <br> ) |
| LORETTA KELLY, <br> Respondent. | ) By: Hon. James C. Turk <br> ) Senior United States District Judge <br> ) |

Petitioner Charles Walter Frank III, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Petitioner Frank asserts that his recent conviction and sentence under Virginia law for unlawful distribution of methadone violate his rights under the Double Jeopardy Clause of the United States Constitution because the facts that supported the conviction were known at the time he was tried and convicted under federal law for unlawful distribution of methadone. Upon consideration of the petition, the court is of the opinion that the petition must be dismissed because petitioner offers no indication that he has exhausted his state court remedies.

A state defendant confined under the judgment of a state court generally seeks federal habeas relief under 28 U.S.C. § 2254 in the appropriate federal district court in the state where he was convicted. Such a defendant may also challenge the validity of his confinement under § 2241 in the state where he is confined; however, he must first exhaust state court remedies as to all of his habeas claims, just as he would be required to do under § 2254. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss his federal habeas petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971).

1

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals, see Va. Code Ann. §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Va. Code §8.01-654(A). Petitioner must present his claims to the Supreme Court of Virginia through one of these procedures before a federal district court can consider those claims in a federal habeas petition.

In this case, petitioner states that he has not filed any other petition concerning his state conviction and sentence. His failure to exhaust his state remedies mandates summary dismissal of his petition by this court.[1] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This ___ day of November, 2005.

_____
Senior United States District Judge

---

[1] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).